**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ATLANTIC RECORDING** | ) | |
| **CORPORATION,** *et al.***,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 07-0001-WS-C** |
| | ) | |
| **JOANNA CARTER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter comes before the Court on plaintiffs' Motion for Entry of Default Judgment
(doc. 11).

**I.      Background.**

On January 3, 2007, plaintiffs Atlantic Recording Corporation, Warner Bros. Records
Inc., Virgin Records America, Inc., Motown Record Company, L.P., UMG Recordings, Inc.,
Sony BMG Music Entertainment, and Arista Records LLC filed a Complaint for Copyright
Infringement (doc. 1) against defendant, Joanna Carter.  In particular, plaintiffs maintained that
Carter had utilized an online media distribution system to download or distribute copyrighted
music recordings belonging to plaintiffs, and/or to make such recordings available for
distribution to others, thereby infringing on plaintiffs' copyrights and exclusive rights under
copyright.  On that basis, the Complaint requested the following relief: (1) statutory damages
pursuant to 17 U.S.C. § 504(c); (2) attorney's fees and costs pursuant to 17 U.S.C. § 505; and (3)
injunctive relief pursuant to 17 U.S.C. §§ 502 and 503, prohibiting Carter from further infringing
conduct and requiring her to destroy all copies of sound recordings made in violation of
plaintiffs' exclusive rights.

On March 8, 2007, plaintiffs filed a Return of Service (doc. 7) reflecting that defendant
had been properly served with process by a private process server on February 16, 2007.
According to the server's declaration, copies of the summons and complaint were served

personally upon Carter at the following address:  6020 Galena Drive, Mobile, Alabama.

Notwithstanding service of process in accordance with Rule 4(e), Fed.R.Civ.P., almost two months ago, Carter has never filed an answer or otherwise appeared in this action.  Upon motion by plaintiffs, a Clerk's Entry of Default (doc. 10) was entered against Carter on March 20, 2007 for failure to plead or otherwise defend.  The Clerk of Court mailed a copy of that Entry of Default to defendant at both the address listed on the Summons and the address at which Carter had been personally served with process.  Once again, Carter failed to respond.  No further activity occurring in this matter in the subsequent three weeks, plaintiffs now seek entry of default judgment.

## II.    Analysis.

### A.    *Propriety of Default Judgment.*

In this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor."  *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1369 (11th Cir. 1982) ("Since this case involves a default judgment there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment.").  Nonetheless, it is well established that a "district court has the authority to enter default judgment for failure ... to comply with its orders or rules of procedure."  *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

Where, as here, a defendant has failed to appear or otherwise acknowledge the pendency of a lawsuit against her for nearly two months after being served, entry of default judgment may be appropriate.  Indeed, Rule 55 itself provides for entry of default and default judgment where a defendant "has failed to plead or otherwise defend as provided by these rules."  Rule 55(a), Fed.R.Civ.P.  In a variety of contexts, courts have entered default judgments against defendants who have failed to defend the claims against them following proper service of process.  *See, e.g., In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987) ("Where a party offers no good reason for the late filing of its answer, entry of default judgment against that party is appropriate."); *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992) ("when the court finds an intentional failure of responsive pleadings there need be no other finding" to justify default judgment); *Kidd v. Andrews*, 340 F. Supp.2d 333, 338 (W.D.N.Y. 2004) (entering default judgment against

defendant who failed to answer or move against complaint for nearly three months); *Viveros v. Nationwide Janitorial Ass'n, Inc.*, 200 F.R.D. 681, 684 (N.D. Ga. 2000) (entering default judgment against counterclaim defendant who had failed to answer or otherwise respond to counterclaim within time provided by Rule 12(a)(2)).  In short, then, "[w]hile modern courts do not favor default judgments, they are certainly appropriate when the adversary process has been halted because of an essentially unresponsive party."  *Flynn v. Angelucci Bros. & Sons, Inc.*, 448 F. Supp.2d 193, 195 (D.D.C. 2006) (citation omitted).[1]

The law is clear, however, that Carter's failure to appear and the Clerk's subsequent entry of default against her do not automatically entitle plaintiffs to a default judgment.  Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability."  *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp.2d 1353, 1357 (S.D. Ga. 2004); *see also Descent v. Kolitsidas*,

---

[1]     To be sure, courts have generally required some notice to be given to a defendant between the time of service of process and entry of default judgment.  *See, e.g., International Brands USA, Inc. v. Old St. Andrews Ltd.*, 349 F. Supp.2d 256, 261 (D. Conn. 2004) ("Where a party fails to respond, ***after notice*** the court is ordinarily justified in entering a judgment against the defaulting party.") (emphasis added and citations omitted); *F.T.C. v. 1263523 Ontario, Inc.*, 205 F. Supp.2d 205, 208 (S.D.N.Y. 2002) (entering default judgment where defendants had failed to respond in any way to summons, complaint and motion for default judgment); *New York State Teamsters Conference Pension and Retirement Fund v. Fratto Curbing Co.*, 875 F. Supp. 129, 131 (N.D.N.Y. 1995) (defendant that had failed to file answer to complaint or otherwise defend was properly notified of motion for default judgment).  For unknown reasons, plaintiffs elected not to give Carter notice of their efforts to secure a default against her, as their Motion for Entry of Default (doc. 8) was unaccompanied by a Certificate of Service or other indicia that plaintiffs had placed Carter on notice that they were seeking entry of default.  Nothing in the text of Rule 55 excuses the service requirement for requests for entry of default (as distinguished from motions for default judgment).  Nonetheless, any harm arising from plaintiffs' omission is negated by the fact that the Clerk of Court mailed a copy of the Clerk's Entry of Default (doc. 10) to Carter at both the address where service was perfected and the address listed on the face of the summons.  As such, Carter is on notice that plaintiffs have moved forward with default proceedings, yet she has elected not to defend herself.  Given Carter's failure to appear in this case, despite actual notice that this lawsuit was pending, that her responsive pleading was due by a date certain, and that a default had been entered against her, she is entitled to no further notice at this time antecedent to entry of default judgment.  *See* Rule 55(b)(2) (defaulted defendant is entitled to notice of request for default judgment only if defendant has appeared in the action).

-3-

396 F. Supp.2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *GMAC Commercial Mortg. Corp. v. Maitland Hotel Associates, Ltd.*, 218 F. Supp.2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997).

Review of the Complaint confirms that it does indeed assert detailed facts against Carter, including a recitation of 12 specific copyrighted recordings that Carter has used and continues to use an online media distribution system to download and/or distribute without plaintiffs' permission. (Complaint, ¶¶ , Exh. A.)[2] The Complaint further states that plaintiffs are the copyright owners for those specific recordings. These facts, which are deemed admitted by virtue of Carter's default, are sufficiently detailed and specific to give rise to a cognizable claim for direct copyright infringement in violation of the copyright laws of the United States, as codified at 17 U.S.C. §§ 101 *et seq. See generally In re Aimster Copyright Litigation*, 334 F.3d 643, 645 (7th Cir. 2003) (explaining that those who make and transmit digital copies of copyrighted music are direct infringers of those copyrights); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1014 (9th Cir. 2001) (prima facie case of direct infringement is shown where plaintiffs establish ownership of allegedly infringed material and demonstrate that alleged infringers are violating at least one exclusive right granted to copyright holders). Accordingly, the Court finds that the Complaint states a claim for relief.

---

[2] Those recordings include Phil Collins "In The Air Tonight," Boney James & Rick Braun "Shake It Up," Jaheim "Could It Be," After 7 "Baby I'm For Real (Natural High)," Lenny Kravitz "I Belong To You," Boyz II Men "Motownphilly," K-Ci & Jojo "How Could You," Babyface "And Our Feelings," Sade "Love Is Stronger Than Pride," Wyclef Jean "Gone Till November," Outkast "Jazzy Belle," and Usher "Nice and Slow." (Complaint, at Exh. A.) The Complaint lists each of these recordings by reference to copyright owner (which in each instance is one of the named plaintiffs herein), artist name, song title, album title, and SR#. Additionally, the Complaint includes as Exhibit B a list of literally hundreds of additional copyrighted recordings (amidst various other items not germane to these proceedings, including images and videos, some of which are labeled as pornographic) that Carter downloaded and/or distributed via this same online media distribution system.

The legal effect of Carter's default is that she has now admitted the facts recited in the Complaint, which are sufficient to establish her liability to plaintiffs on a theory of copyright infringement.[3]  Moreover, because she has made no attempt to defend this action in the nearly two months since being served with process, despite notice that plaintiffs were moving forward with default proceedings against her, Carter's course of conduct amounts to a deliberate and intentional failure to respond, which is just the sort of dilatory litigation tactic for which the default judgment mechanism was created.  For these reasons, plaintiffs' Motion is **granted** as to entry of default judgment.  Default judgment will be entered against Carter, in accordance with Rule 55(b)(2), Fed.R.Civ.P.  The Court will next consider which remedies will be awarded to plaintiffs.

### B.    *Remedies.*

Plaintiffs seek three forms of relief, to-wit: minimum statutory damages, costs, and a permanent injunction.  In considering these requests, the Court bears in mind that, notwithstanding the default against Carter, "judgment may be granted only for such relief as may lawfully be granted upon the well-pleaded facts alleged in the complaint."  *Pitts*, 321 F. Supp.2d at 1358 (citation omitted).[4]  Each form of relief sought will be considered in turn.

---

[3]    The effect of a default is to render all well-pleaded factual allegations of the complaint (except those relating to damages) admitted.  *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("defendant, by his default, admits the plaintiff's well-pleaded allegations of fact"); *McMillian/McMillian, Inc. v. Monticello Ins. Co.*, 116 F.3d 319, 321 (8th Cir. 1997) (explaining that "when a default judgment has been entered, facts alleged in the complaint ... may not be contested by the defaulted party").

[4]    While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages.  *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp.2d 1342, 1346 (M.D. Fla. 1999); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) (federal law requires judicial determination of damages absent factual basis in record); *Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (even where default judgment is warranted based on failure to defend, allegations in complaint with respect to damages are not deemed true, and district court must conduct inquiry in order to ascertain damages with reasonable certainty); *Patray v. Northwest Pub., Inc.*, 931 F. Supp. 865, 869-70 (S.D. Ga. 1996) (explaining that it is proper exercise of judicial power for court upon default to take evidence, fix amount which prevailing party should recover, and then give judgment).  "The trial judge, sitting without a jury, has

   1.  *Statutory Damages.*

  A copyright owner whose copyright has been infringed may recover, at his election, either actual damages or statutory damages for the infringing activity. 17 U.S.C. § 504(a) - (c). Where the copyright owner elects the latter option, a court may award, "instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually ... in a sum of not less than $750 or more than $30,000 as the court considers just." § 504(c)(1). Plaintiffs have elected statutory damages, in lieu of actual damages and profits, and seek entry of only the statutory minimum amount of $750 per work for each of the 12 works that the Complaint charged Carter with unlawfully downloading and/or distributing, for a total of $9,000 in statutory damages.

  As mentioned above, the entry of default judgment against Carter in no way obviates the need for determinations of the amount and character of damages. Rule 55(b)(2) specifically provides that if "it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper." That said, there is no requirement that a hearing be conducted in all default judgment proceedings to fix the appropriate level of damages. *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) (explaining that evidentiary hearing is not *per se* requirement for entry of default judgment, and may be omitted if all essential evidence is already of record).[5] Where the amount of damages sought is a sum certain, or where an adequate record has been made via affidavits and documentary evidence to show statutory damages, no evidentiary hearing is required. *See, e.g., Chudasama*, 123 F.3d at 1364 n. 27 (judicial determination of damages is

---

considerable latitude in determining the amount of the damages." *Patray*, 931 F. Supp. at 870.

  [5]  *See also Ford Motor Co. v. Cross*, 441 F. Supp.2d 837, 848 (E.D. Mich. 2006) (Rule 55 "does not require a presentation of evidence as a prerequisite to the entry of a default judgment, although it empowers the court to conduct such hearings as it deems necessary and proper to enable it to enter judgment or carry it into effect"); *Board of Trustees of the Boilermaker Vacation Trust v. Skelly, Inc.*, 389 F. Supp.2d 1222, 1225 (N.D. Cal. 2005) ("A formal hearing is not required for a court to render a default judgment.").

unnecessary where claim is for sum certain or for sum which can by computation be made certain); *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (award of statutory damages was improper "without a hearing or a demonstration by detailed affidavits establishing the necessary facts"); *Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 63-64 (1st Cir. 2002) (district court did not abuse discretion, based on record before it, in declining to hold hearing before awarding statutory damages); *Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1333 (8th Cir. 1988) (evidentiary hearing not necessary where facts in the record enable the court to fix the amount which the plaintiff is lawfully entitled to recover); *Adkins v. Teseo*, 180 F. Supp.2d 15, 17 (D.D.C. 2001) (although court must make independent determination of the sum to be awarded, court need not hold a hearing, but may rely on detailed affidavits or documentary evidence); *United States v. Cabrera-Diaz*, 106 F. Supp.2d 234, 243 (D.P.R. 2000) (similar).

Here the facts deemed admitted from the Complaint show that Carter infringed upon exclusive rights granted to plaintiffs as copyright owners with respect to at least 12 distinct recorded works.  Because plaintiffs have elected statutory damages, and because § 504(c)(1) mandates that statutory damages for each infringed-upon work be at least $750, the minimum statutory damages that this Court could award would be $9,000, or $750 times 12 copyrighted works.  Plaintiffs request only the bare minimum statutory damages.  As such, a hearing to fix damages would be a pointless endeavor.  Irrespective of the evidence presented, given the admitted facts as to liability, there is no scenario under which the Court could award less than $9,000 in statutory damages here.  Plaintiffs have waived their right to request any more than that minimum amount, and § 504(c)(1) forbids a lesser award; therefore, the Court finds that no constructive purpose would be served by conducting an evidentiary hearing prior to awarding plaintiffs the minimum statutory damages of $9,000, or $750 for each of the 12 copyrighted works that Carter, via her default, has admitted infringing.  *See Capitol Records, Inc. v. Mattingley*, 461 F. Supp.2d 846, 851 (S.D. Ill. 2006) (no evidentiary hearing necessary in copyright case where defendant defaulted and plaintiffs sought only minimum statutory damages); *Virgin Records America, Inc. v. Johnson*, 441 F. Supp.2d 963, 965 (N.D. Ind. 2006) ("Because Plaintiffs seek only the minimum statutory damages and these damages are clearly ascertainable from the complaint, no evidentiary hearing is necessary.").

2.      *Injunctive Relief.*

Plaintiffs also seek a permanent injunction to enjoin Carter from infringing plaintiffs' rights in any copyrighted recordings, including by using the Internet or online media distribution systems to reproduce or distribute any of plaintiffs' recordings, or to make any of plaintiffs' recordings available for distribution to the public, except pursuant to a license or with plaintiffs' consent.  Plaintiffs also seek an injunction requiring Carter to destroy all copies of plaintiffs' recordings that she has downloaded or transferred onto computer hard drives, servers or physical devices or media without plaintiffs' authorization.

This type of relief is specifically authorized by copyright law.  Indeed, the Copyright Act provides that a court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."  17 U.S.C. § 502(a).  The Act also provides that as part of a final judgment, a court "may order the destruction or other reasonable disposition of all copies or phonorecords found to have been made or used in violation of the copyright owner's exclusive rights."  17 U.S.C. § 503(b).

Although "the issuance of an injunction is in the discretion of the court, courts have traditionally granted permanent injunctions if liability is established and a continuing threat to a copyright exists."  *Jobete Music Co. v. Johnson Communications, Inc.*, 285 F. Supp.2d 1077, 1092 (S.D. Ohio 2003); *see also Sailor Music v. IML Corp.*, 867 F.Supp. 565, 569 (E.D. Mich. 1994) (observing that permanent injunctions typically are granted in cases involving infringement of sound recording copyrights "because of the strong probability that unlawful performances of other copyrighted material will occur"); *Arista Records, Inc. v. Beker Enterprises, Inc.*, 298 F. Supp.2d 1310, 1314 (S.D. Fla. 2003) ("Injunctions are regularly issued pursuant to the mandate of Section 502, because the public interest is the interest in upholding copyright protections") (citation omitted).  Moreover, "[c]ourts also regularly issue injunctions as part of default judgments."  *Arista*, 298 F. Supp.2d at 1314  (granting permanent injunction in default judgment in a copyright infringement case).

Here, plaintiffs have established Carter's liability for infringing their copyrights as to 12 copyrighted recordings.  They have shown that Carter is continuing her infringing conduct on an ongoing basis through her use of an online media distribution system to download and/or distribute such copyrighted recordings without plaintiffs' permission or consent.  Despite service

of process and notice of the default proceedings, Carter has made no effort to defend against these charges of copyright infringement, suggesting that she does not take seriously the illegality of her infringing activity.  Based on all of the foregoing, the Court concludes that plaintiffs have shown a strong likelihood that, unless enjoined, Carter will pose a continuing threat to infringe their copyrighted recordings.  As such, the permanent injunction sought by plaintiffs is reasonably necessary to protect plaintiffs from further infringement of their copyrights by Carter. *See generally Virgin Records America*, 441 F. Supp.2d at 966 (entering permanent injunction in connection with default judgment in copyright case where the infringing activity caused injury that cannot be fully compensated or measured in money, there was no evidence that defendant had stopped or would stop infringing conduct absent an injunction, and defendant had failed to respond to or acknowledge the complaint).  Plaintiffs' request for entry of permanent injunction as part of the default judgment in this case is **granted**.

> 3.      *Costs.*

Plaintiffs present evidence that they have incurred costs in the amount of $620 in this case.  (Anderson Declaration, ¶ 7.)  They request that the default judgment include recovery of that amount.  The Copyright Act provides that "the court in its discretion may allow the recovery of full costs by or against any party" who prevails.  17 U.S.C. § 505.  Moreover, courts have routinely awarded costs to the prevailing party in copyright cases.  *See, e.g., Arclightz & Films Pvt. Ltd. v. Video Palace Inc.*, 303 F. Supp.2d 356, 365 (S.D. N.Y. 2003).  This is equally true in the default judgment context.  *See Capitol Records*, 461 F. Supp.2d at 852-53 (awarding costs in copyright infringement action where default judgment was entered against defendant); *Virgin Records America*, 441 F. Supp.2d at 965 (same).  The Court finds that $620 is a reasonable expenditure of costs and that plaintiffs should recover same as part of their award in this case.

## III.     Conclusion.

For all of the foregoing reasons, plaintiffs' Motion for Entry of Default Judgment (doc. 11) is **granted** pursuant to Rule 55(b)(2), Fed.R.Civ.P.  A separate default judgment will be entered, containing the following elements:

> 1.      An award of statutory damages to plaintiffs in the amount of $9,000, pursuant to 17 U.S.C. § 504(c)(1);

> 2.      Entry of a permanent injunction pursuant to 17 U.S.C. §§ 502 and 503.  This

injunction will enjoin defendant from directly or indirectly infringing plaintiffs' rights under federal or state law in the following copyrighted sound recordings: Phil Collins "In The Air Tonight" from album "Face Value" (SR #24-682), Boney James & Rick Braun "Shake It Up" from album "Shake It Up" (SR #281-990), Jaheim "Could It Be" from album "Ghetto Love" (SR #295-088), After 7 "Baby I'm For Real (Natural High)" from album "Takin' My Time" (SR #178-457), Lenny Kravitz "I Belong to You" from album "5" (SR #261-538), Boyz II Men "Motownphilly" from album "Cooleyhighharmony" (SR #212-333), K-Ci & Jojo "How Could You" from album "Love Always" (SR #238-754), Babyface "And Our Feelings" from album "For The Cool In You" (SR #184-540), Sade "Love Is Stronger Than Pride" from album "Stronger Than Pride" (SR #93-822), Wyclef Jean "Gone Till November" from album "Wyclef Jean Presents The Carnival Featuring Refugee Allstars" (SR #251-493), Outkast "Jazzy Belle" from album "Atliens" (SR #233-296), and Usher "Nice and Slow" from album "My Way" (SR #257-730); and in any other sound recording, whether now in existence or later created, that is owned or controlled by plaintiffs (or any parent, subsidiary or affiliate record label of plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (*i.e.*, download) any of Plaintiffs' Recordings, to distribute (*i.e.*, upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of plaintiffs.  Defendant also shall destroy all copies of Plaintiffs' Recordings that she has downloaded onto any computer hard drive or server without plaintiffs' authorization, and shall destroy all copies of such downloaded recordings transferred onto any physical medium or device in her possession, custody or control.

3.     An award of costs to plaintiffs in the amount of $620, pursuant to 17 U.S.C. § 505.

The Clerk's Office is directed to mail a copy of this Order, and the accompanying default judgment, to defendant Joanna Carter at the address where she received service of process, to-

wit: 6020 Galena Drive, Mobile, Alabama; as well as at the address listed on the face of the Summons, to-wit: 6951 Dickens Ferry Rd Apt. 36, Mobile, AL 36608-4464.

DONE and ORDERED this 11th day of April, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE